*85 OPINION of the Court, by
Ch. J. Boras.
This was an action of trespass guare cUpusumfregit. The fondant plead the general issue ; and for further plea alleged, in substance, that by an order of the county court of Lincoln county, in 1784, a public road was es-íáblished from the public square in Danville to the old road leading from Crow’s Station to Harrodsburg: that the Mercer county court, at their January term 1800, (then having jurisdiction over said road) ordered a part thereof to be altered, so soon as the applicant for said alteration should open the same as the law required : that the same was afterwards opened in pursuance of said order, and has continued ever since, viz. for the space of 12 years, to be used by the citizens of the common *86 wealth as a public highway: that at the October term 1811 of said county court, the defendant was appointed overseer of said road, in virtue of which appointment and in discharge of the duties of his said office, lie entered upon the close of said plaintiff, over which the said road passes, at the time in the declaration mentioned y and did then and there, in a peaceable manner, as he lawfully might do, remove the said plaintiff's fence, which he had illegally placed across said road, which is the same trespass in the declaration alleged. To this plea the plaintiff replied generally, and issue was thereupon joined.
After the new road is opened a&d u-tfed for years, the overfeer ap” pointed to keep it in repair, may jvfiify under the order of court, without ¿hewing that the road had been cut out by the applicant j and it was not material to inquire by whom the road was opened.
On the trial the defendant produced in evidence the several orders of the county court, substantially as stated in his plea ; and the plaintiff moved the court to instruct the jury that the order altering the original road was void; but the court refused to give the instructions. He then moved the court to instruct the jury that the defendant could not support his plea, unless he proved that the applicant for the alteration of the road had opened it agreeably to the conditions of said order ; but the court refused to give this instruction also, and the plaintiff excepted. A verdict and judgment being given for the defendant, the'plaintiff has brought the case before this court upon a writ of error.
The first .question is, whether the order of the county court altering the road, is void or not?
It was contended to be void, because it was not absolute, but was made to take effect upon th§ road being opened by the applicant. But why this circumstance should render the order void, we cannot perceive any satisfactory reason. An order to alter or change a road must, from the time it .takes effect, operate as a virtual abolition of the old road. It would therefore seem to be improper that such an order should be made to take effect until the new road should be opened; and certainly if the county court may make such an order, to take effect upon the new road being opened, there can be nothing improper in requiring it to be opened by the applicant. But supposing the order in question lo be irregular in this respect, still we apprehend it would hot be void. It might be erroneous, and subject to be reversed by an appeal or writ of error $ but it must be binding and valid while it remains unreversed. The county courts have jurisdiction over roads, and it is iinquestjou» *87 'ably a sound principle, that the correctness of a judg-raent of a court in relation to a subject over which it has jurisdiction, cannot bé inquired into when brought collaterally or incidentaliy in question.
\Ve are therefore of opinion that the order of the county court was not void, and that the court below correctly refused to give the instructions asked for by the plaintiff on this point.
. The next question is, whether that court erred in refusing to instruct the jury that the defendant could not support his plea, unless he proved that the road had been Opened by the applicant for the order;
The object in requiring the road to be opened by the applicant; was no doubt to ease those who were bound to work upon the road of that labor, and they could not regularly have been compelled to have performed it; but if they voluntarily opened the road, it would be a substantial compliance with the order. The event upon which the order was to take effect, would thereby have been produced, though not by the agency of the applicant ; and the latter could no otherwise be material, than as an easement to others, who might, if they chose, forego such easement. To require the defendant to prove that the road had been opened by the applicant himself, would therefore be requiring what the spirit and: reason of the order did not make indispensable.
Judgment affirmed with costs.